**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

|  |  |  |
|---|---|---|
| DANIEL HASSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:26-cv-00135 |
| EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC | § § § § | |
| Defendants. | § § § § | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Daniel Hasson's ("Plaintiff") Complaint (the "Complaint") as follows:

**INTRODUCTION**

Paragraph 1: The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American consumers. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster

1

and better decision-making by its recipients and, in theory, all of society should ultimately benefit from the resulting convenience and efficiency.

RESPONSE: In  response to paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 2: Unfortunately, however, this information has also become readily available for, and susceptible to, mishandling and misuse. Individual consumers can, and do, sustain substantial damage, both economically and emotionally, when inaccurate or fraudulent information is disseminated and/or published about them. In fact, Defendants acknowledge this potential for misuse and resulting damage every time they sell their credit monitoring services to a consumer.

RESPONSE: In  response to paragraph 2 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 2 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 2 of the Complaint.

Paragraph 3: The ongoing technological advances in the area of data processing have resulted in a boon for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

RESPONSE: In  response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 4: These CRAs sell information to readily paying subscribers (i.e., retailers, landlords, lenders, potential employers, and other similarly interested parties), commonly called "consumer reports," concerning individuals who may be applying for retail credit, housing, employment, refinancing, a car or mortgage loan or other forms of credit.

RESPONSE: In  response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

Paragraph 5: Since 1970, when Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private, and financial information that they compile and sell about individual consumers.

RESPONSE: In  response to paragraph 5 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 5 inconsistent therewith.

3

Paragraph 6: One of the primary purposes in requiring CRAs to assure "maximum possible accuracy" of consumer information is to ensure the stability of our banking system: The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. See 15 U.S.C. § 1681(a)(1).

RESPONSE: In  response to paragraph 6 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 6 inconsistent therewith.

Paragraph 7: The preservation of one's good name and reputation is also at the heart of the FCRA's purposes:

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage or buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed.

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) (quoting 116 Cong. Rec. 36570 (1970)) (emphasis added).

RESPONSE: In  response to paragraph 7 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit

Reporting Act and case law. Experian affirmatively states that the Fair Credit Reporting Act and case law speaks for itself and, on that basis, denies any allegations of paragraph 7 inconsistent therewith.

Paragraph 8: In light of these important findings and purposes, Congress specifically noted "a need to insure that [CRAs] exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." *See* 15 U.S.C. 1681(a)(4).

RESPONSE: In  response to paragraph 8 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 8 inconsistent therewith.

Paragraph 9: Plaintiff's Complaint arises out of Defendants' blatantly inaccurate credit reporting, wherein Defendants reported to Plaintiff's potential creditors that Plaintiff owed money on a tradeline that Plaintiff is no longer legally responsible for.

RESPONSE: In   response to paragraph 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 9 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

Paragraph 10: Accordingly, Plaintiff brings claims against Defendants for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b).

RESPONSE: In  response to paragraph 10 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act. Experian further admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

Paragraph 11: As part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees from Defendants for their willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., as described herein.

RESPONSE: In  response to paragraph 11 of the Complaint, Experian admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

## **JURISDICTION AND VENUE**

Paragraph 12: This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

RESPONSE: In  response to paragraph 12 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and 28 U.S.C. §§ 1331 and 1337. Experian states that this is a legal conclusion which is not subject to denial or admission.

Paragraph 13: Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District, are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

6

RESPONSE: In response to paragraph 13 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

Paragraph 14: Plaintiff is a natural person residing in Winnie, Texas, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

RESPONSE: In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 15: Defendant Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626. Experian can be served through its registered agent, C T Corporation System, located at 330 North Brand Boulevard, Glendale, California 91203.

RESPONSE: In response to paragraph 15 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and conducts business in the State of Texas. Experian admits that it is a "person" as defined by 15 U.S.C. § 1681a(b). Experian also admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and,

7

as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 15 of the Complaint.

Paragraph 16: Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309. Equifax can be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

RESPONSE: In  response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 17: Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Defendants regularly furnish consumer reports to third parties for monetary compensation, fees, and other dues, using means and facilities of interstate commerce, and are therefore consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f) of the FCRA.

RESPONSE: In  response to paragraph 17 of the Complaint, Experian admits it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and issues consumer reports

as defined by 15 U.S.C. § 1681a(d). To the extent a further response is required, Experian denies the allegations. As to the allegations in paragraph 17 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 17 of the Complaint.

Paragraph 18: During all times pertinent to this Complaint, Defendants were authorized to conduct business in the State of Texas and conducted business in the State of Texas on a routine and systematic basis.

RESPONSE: In  response to paragraph 18 of the Complaint, Experian admits that it is qualified to do business and conducts business in the State of Texas. As to the allegations in paragraph 18 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 18 of the Complaint.

Paragraph 19: During all times pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, directors, representatives, and/or insurers.

RESPONSE: In  response to paragraph 19 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 19 of the Complaint.

Paragraph 20: Any violations by Defendants were not in good faith, were knowing, negligent, willful, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

RESPONSE: In  response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 20 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 20 of the Complaint.

Paragraph 21: Defendants did not maintain procedures reasonably adapted to avoid any such violations.

RESPONSE: In  response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 21 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 21 of the Complaint.

## FACTUAL BACKGROUND

### Summary of the Fair Credit Reporting Act

Paragraph 22: The FCRA governs the conduct of consumer reporting agencies in an effort to preserve the integrity of the consumer banking system and to protect the rights of consumers to fairness and accuracy in the reporting of their credit information.

10

RESPONSE: In  response to paragraph 22 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 22 inconsistent therewith.

Paragraph 23: The FCRA was designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. See 15 U.S.C. §1681(a).

RESPONSE: In  response to paragraph 23 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 23 inconsistent therewith.

Paragraph 24: Specifically, the statute was intended to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *See* 15 U.S.C. § 1681(b).

RESPONSE: In  response to paragraph 24 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit

11

Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 24 inconsistent therewith.

Paragraph 25: To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports (15 U.S.C. 1681e(b)); and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies (15 U.S.C. §1681i).

RESPONSE: In  response to paragraph 25 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 25 inconsistent therewith.

Paragraph 26: The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with either or both of their statutory obligations under the FCRA.

RESPONSE: In  response to paragraph 26 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**Defendants' Processing of Credit Information**

Paragraph 27: Defendants, two of the three major CRAs in the United States, regularly publish and distribute credit information about Plaintiff and other consumers through the sale of consumer reports.

RESPONSE: In  response to paragraph 27 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

Paragraph 28: Defendants' consumer reports generally contain the following information: (i) Header/Identifying Information: this section generally includes the consumer's name, current and prior addresses, date of birth, and phone numbers; (ii) Tradeline Information: this section pertains to consumer credit history, and includes the type of credit account, credit limit or loan amount, account balance, payment history, and status; (iii) Public Record Information: this section typically includes public record information, such as bankruptcy filings; and (iv) Credit Inquiries: this section lists every entity that has accessed the consumer's file through a "hard inquiry" (i.e., consumer-initiated activities, such as applications for credit cards, to rent an apartment, to open a deposit account, or for other services) or "soft inquiry" (i.e., user-initiated inquiries like prescreening).

RESPONSE: In  response to paragraph 28 of the Complaint, Experian admits that the allegations contained therein appear to characterize consumer reports. Experian

13

affirmatively states that such reports speak for themselves. To the extent a further response is required, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 28 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

Paragraph 29: Defendants obtain consumer information from various sources. Some consumer information is sent directly to Defendants, and other information must be independently gathered by Defendants, or acquired from third party providers, vendors or repositories, such as computerized reporting services like PACER or Lexis-Nexis.

RESPONSE: In  response to paragraph 29 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). To the extent a further response is required, Experian denies, generally and specifically, each and every allegation contained therein.

Paragraph 30: Defendants also obtain information from other CRAs (who commonly share information).

RESPONSE: In  response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14

Paragraph 31: Defendants regularly seek out and procure consumer bankruptcy filing and discharge information on a daily basis with the intention of including it in the consumer reports Defendants sell to third parties for a profit.

RESPONSE: In  response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 32: The diligence Defendants exercise in uncovering and recording consumer bankruptcy filings is not replicated in Defendants' subsequent reporting of bankruptcy discharges and their effect on consumers' debts.

RESPONSE: In  response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 32 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 32 of the Complaint.

Paragraph 33: The majority of institutions that offer financial services (e.g., banks, creditors, lenders) rely upon consumer reports from CRAs (like Defendants) to make lending decisions. Those institutions also use FICO Scores, and other proprietary third-party algorithms (or "scoring" models), including debt-to-income ratios, to interpret the information in a consumer's consumer report, which is based on the amount of reported debt, payment history, date of delinquencies contained in Defendants' reports.

15

RESPONSE: In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 34: The information Defendants include in consumer reports contributes to a consumer's overall creditworthiness and determines his or her FICO Score.

RESPONSE: In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 35: FICO and other third-party algorithms use variables or "attributes" derived from a consumer report to calculate a person's "credit score," which is a direct reflection of his or her creditworthiness.

RESPONSE: In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 36: FICO Scores factor the following consumer report information: Payment history (35%); Amount of debt (30%); Length of credit history (15%); New credit (10%); and Credit mix (10%). a. "Payment history" refers to whether a consumer has paid his or her bills in the past, and whether these payments have been timely, late, or missed. In factoring the severity of delinquent payments, a FICO Score considers how late the

16

payment continues to be, how much is owed, how recently the delinquency occurred, and how many delinquent accounts exist. The more severe, recent, and frequent late payments are, the lower a consumer's FICO Score will be. b. The "amount of debt" a consumer owes has a major impact on his or her credit score. When a CRA reports a debt as outstanding when it is in fact discharged, the CRA is indicating that a consumer's "amount of debt" is higher than it actually is, which will undoubtedly impact a consumer's credit score.

RESPONSE: In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 37: Lenders also consider a consumer's debt-to-income ratio ("DTI") based on the total amount of debt reported by Defendants in their consumer reports. DTI compares the total amount a consumer owes to the total amount a consumer earns.

RESPONSE: In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 38: A consumer's income, however, is not included in his or her consumer report; only his or her amount of debt is.

RESPONSE: In response to paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

17

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 39: Lenders consider a consumer's DTI when deciding whether to approve financing and the credit terms thereof.

RESPONSE: In  response to paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 40: The higher the amount of reported debt that a consumer has, or appears to have, the worse the consumer's DTI will be, and the more difficult it will be for a consumer to obtain credit and favorable credit terms (e.g., higher interest, lower credit limits).

RESPONSE: In  response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 41: A consumer who has obtained a bankruptcy discharge and has a consumer report that is inaccurately reporting outstanding or past due balances after the bankruptcy discharge suffers greater harm than if that account was accurately reporting as having a zero-dollar balance.

RESPONSE: In  response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth  of the allegations

18

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 42: Defendants are well aware that the effect of a Discharge Order in a Chapter 7 Bankruptcy is that all statutorily dischargeable debts, other than those that have been reaffirmed or successfully challenged in an adversary proceeding court, are discharged; both such exceptions are rare and furthermore identified on the individual consumer's bankruptcy docket sheet.

RESPONSE: In  response to paragraph 42 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 43: Additionally, in or around 2009, Defendants implemented their own automated software "bankruptcy scrub" following the settlement agreement in *White v. Experian Info. Sols.*, No. SACV 05-1070 DOC (MLGx), (C.D. Cal. 2008).

RESPONSE: In  response to paragraph 43 of the Complaint, Experian admits only that this paragraph appears to characterize Experian's procedures and obligations under *White v. Experian Info. Sols.*, No. SACV 05-1070 DOC (MLGx), (C.D. Cal. 2008). Experian affirmatively states that the *White* agreement speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation.

Paragraph 44: The *White* settlement makes clear that the CRAs know or should know that pre-petition, unsecured consumer debts are typically discharged in Chapter 7

proceedings. *Benjamin v. Experian Info. Solutions*, 561 F. Supp. 3d 1330, 1340 (citing Mo*rris v. Experian Info. Sols.*, 478 F. Supp. 3d at 769).

RESPONSE: In  response to paragraph 44 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian affirmatively states that case law speaks for itself and, on that basis, denies, generally and specifically, each and every allegation contained therein inconsistent therewith.

Paragraph 45: Defendants' bankruptcy scrub software identifies pre-petition accounts and makes assumptions about which accounts were discharged through the Chapter 7 bankruptcy, even when the furnisher does not update the accounts as discharged.

RESPONSE: In  response to paragraph 45 of the Complaint, Experian admits only that this paragraph appears to characterize Experian's procedures and obligations under *White v. Experian Info. Sols.*, No. SACV 05-1070 DOC (MLGx), (C.D. Cal. 2008). Experian affirmatively states that the *White* agreement speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation.

Paragraph 46: In other words, Defendants' automated bankruptcy scrub assumes Defendants' notice of a Chapter 7 discharge is in fact notice that a consumer's pre-petition accounts may be reporting inaccurately, and Defendants will overwrite data reported by a furnisher according to their assumptions and algorithms.

RESPONSE: In  response to paragraph 46 of the Complaint, Experian admits only that this paragraph appears to characterize Experian's procedures and obligations under

20

*White v. Experian Info. Sols.*, No. SACV 05-1070 DOC (MLGx), (C.D. Cal. 2008). Experian affirmatively states that the *White* agreement speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation.

Paragraph 47: However, Defendants have intentionally chosen to disregard knowingly inaccurate open balance and payment obligations of certain types of pre-bankruptcy accounts in Defendants' software programming of their automated "bankruptcy scrub" that they have been employing for well over a decade.

RESPONSE: In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 47 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 47 of the Complaint.

Paragraph 48: Defendants also know that it is rare for a pre-petition debt to be reaffirmed or successfully challenged in an adversary proceeding.

RESPONSE: In response to paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 48 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Complaint.

Paragraph 49: Further, Defendants know that if reaffirmation agreements or adversary proceedings exist, they will be explicitly identified on an individual consumer's bankruptcy docket, as is required by bankruptcy law.

RESPONSE: In  response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 49 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 49 of the Complaint.

Paragraph 50: Additionally, information indicating that a specific debt has not been discharged but instead was reaffirmed or successfully challenged through an adversary proceeding, is retrieved from the same sources from which Defendants independently obtain consumer bankruptcy case information.

RESPONSE: In  response to paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 50 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Complaint.

Paragraph 51: Defendants also receive information about account reaffirmations or other discharge exceptions directly from furnishers of account/tradeline information.

22

RESPONSE: In response to paragraph 51 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 52: However, Defendants regularly report inaccurate information about consumers who have received a Discharge Order.

RESPONSE: In response to paragraph 52 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 52 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 52 of the Complaint.

Paragraph 53: Rather than follow reasonable procedures to assure maximum possible accuracy, as required by the FCRA, Defendants frequently report information regarding pre-bankruptcy debts based on incomplete or knowingly inaccurate information.

RESPONSE: In response to paragraph 53 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 53 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 53 of the Complaint.

Paragraph 54: Defendants regularly publish consumer information that conflicts with information: provided by data furnishers to Defendants, already included in Defendants' credit files, contained in public records that Defendants regularly access, and/or sourced through Defendants' independent and voluntary efforts.

RESPONSE: In  response to paragraph 54 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 54 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 54 of the Complaint.

Paragraph 55: Defendants' unreasonable policies and procedures cause them to routinely report inaccurate and materially misleading information about consumers, including Plaintiff, who have been discharged from Chapter 7 Bankruptcy.

RESPONSE: In  response to paragraph 55 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 55 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 55 of the Complaint.

Paragraph 56: Defendants routinely report inaccurate, and materially misleading information about consumers like Plaintiff, without verifying or updating the information

24

as required by § 1681e(b), despite possessing information inconsistent with the reported information that establishes the reported information is inaccurate.

RESPONSE: In  response to paragraph 56 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 56 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 56 of the Complaint.

Paragraph 57: Defendants' unreasonable policies and procedures cause them to regularly report consumer information without verifying its accuracy.

RESPONSE: In  response to paragraph 57 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 57 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 57 of the Complaint.

Paragraph 58: Defendants' unreasonable policies, procedures and/or algorithms consistently fail to identify and update pre-bankruptcy debts as required by § 1681e(b).

RESPONSE: In  response to paragraph 58 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 58 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth

25

of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 58 of the Complaint.

Paragraph 59: Defendants know the information they report about consumers' bankruptcies is often inconsistent with public records, furnished/reported information, and/or information contained in Defendants' own files.

RESPONSE: In  response to paragraph 59 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 59 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 59 of the Complaint.

Paragraph 60: Consumers have filed thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints against Defendants for their inaccurate credit reporting following a Chapter 7 discharge.

RESPONSE: In  response to paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 61: Thus, Defendants are on continued notice of their inadequate post-bankruptcy reporting procedures, which cause Defendants to report inaccurate balances, account statuses, payment histories, and/or payment statuses.

26

RESPONSE: In  response to paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 61 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 61 of the Complaint.

### Allegations Specific to the Credit Reporting of Plaintiff

Paragraph 62: Plaintiff filed a Chapter 13 Bankruptcy on or about May 31, 2024, in the United States Bankruptcy Court for the United States District Court for the Southern District of Texas (Case No. 24-32526).

RESPONSE: In  response to paragraph 62 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 63: On or about July 23, 2025, Plaintiff filed a petition to convert his Chapter 13 Bankruptcy to a Chapter 7.

RESPONSE: In  response to paragraph 63 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 64: Plaintiff received an Order of Discharge on or about November 05, 2025.

RESPONSE: In  response to paragraph 64 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 65: Thereafter, Plaintiff was not personally liable for his dischargeable debts, and these debts have a $0 balance after the bankruptcy discharge.

RESPONSE: In  response to paragraph 65 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 66: Defendants each prepared one or more consumer reports concerning Plaintiff after Plaintiff was discharged from Chapter 7 Bankruptcy.

RESPONSE: In  response to paragraph 66 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein..

Paragraph 67: The allegations in this Complaint against Defendants are based on consumer disclosures obtained by Plaintiff beginning on February 11, 2026.

RESPONSE: In  response to paragraph 67 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 68: Defendants obtained notice of Plaintiff's bankruptcy discharge through their routine, independent collection of consumer information from third party vendors such as Lexis-Nexis, as well as from furnishers that provide data regarding the individual tradelines reported by the CRAs in Plaintiff's consumer reports.

RESPONSE: In  response to paragraph 68 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 69: Defendants reported Plaintiff's credit history in individual "tradelines," including names of credit accounts, account numbers, account types, responsibility for the account (i.e., individual or joint accounts), the date the accounts were opened, statuses, and the dates of the last status update.

RESPONSE: In  response to paragraph 69 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 70: In the Public Records section of Plaintiff's consumer reports, Defendants included the bankruptcy case number, court, filing date and the fact that Plaintiff's bankruptcy had been discharged.

29

RESPONSE: In  response to paragraph 70 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 71: Defendants are aware that CRAs are generally required to report accounts included in a consumer's Chapter 7 bankruptcy with a status of "discharged through bankruptcy," and with a zero-dollar balance, unless a furnisher provides information showing that a specific debt was excluded from the discharge.

RESPONSE: In  response to paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 72: Defendants should have reported all of Plaintiff's dischargeable, pre-petition debts as included in or discharged in Chapter 7 Bankruptcy, and/or with a zero-dollar balance, but did not.

RESPONSE: In  response to paragraph 72 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 72 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 72 of the Complaint.

Paragraph 73: Instead, Defendants each reported at least one account with an inaccurate account status, payment history, and/or outstanding balance.

RESPONSE: In  response to paragraph 73 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 73 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 73 of the Complaint.

### Inaccuracies in Plaintiff's Consumer Reports

Paragraph 74: On or about February 11, 2026, Plaintiff obtained copies of his Experian and Equifax credit reports.

RESPONSE: In  response to paragraph 74 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 75: Upon review of his credit reports, Plaintiff observed inaccuracies.

RESPONSE: In  response to paragraph 75 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

Paragraph 76: On Plaintiff's consumer disclosure, Experian and Equifax inaccurately reported Plaintiff's Verizon Wireless account, ending with ********** 0001 and opened in October 2024 (the "Verizon Wireless Account"), which pre-dated Plaintiff's Chapter 7 bankruptcy petition filing.

31

RESPONSE: In  response to paragraph 76 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 76 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 76 of the Complaint.

Paragraph 77: The Verizon Wireless Account was discharged on or about November 05, 2025. Therefore, the Verizon Wireless Account should have been reported as discharged in bankruptcy.

RESPONSE: In  response to paragraph 77 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 77 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 77 of the Complaint.

Paragraph 78: Experian and Equifax inaccurately reported the Verizon Wireless Account with a status of "Collection" and a balance of $2,132.00 instead of a zero-dollar balance.

RESPONSE: In  response to paragraph 78 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 78 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth

32

of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 78 of the Complaint.

Paragraph 79: Therefore, Experian and Equifax failed to indicate that the Verizon Wireless Account was discharged in bankruptcy by reporting the pre-bankruptcy Verizon Wireless Account with a status other than "Discharged/Included in Bankruptcy Chapter 7" and/or with a zero-dollar balance.

RESPONSE: In  response to paragraph 79 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 79 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 79 of the Complaint.

Paragraph 80: Notably, the other national consumer reporting agency TransUnion did not inaccurately report the Verizon Wireless Account like Experian and Equifax.

RESPONSE: In  response to paragraph 80 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### Defendants' Unreasonable Procedures

Paragraph 81: Defendants received information from Verizon Wireless (the "Furnisher") indicating that Plaintiff's debt had been included in or discharged through

33

bankruptcy, and/or that the Verizon Wireless Account had a zero-dollar balance following the bankruptcy discharge.

RESPONSE: In response to paragraph 81 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 81 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 81 of the Complaint.

Paragraph 82: Nevertheless, Defendants rejected or otherwise overrode this information.

RESPONSE: In response to paragraph 82 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 82 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 82 of the Complaint.

Paragraph 83: Alternatively, Defendants knew from past experience that Furnisher has furnished inaccurate information regarding discharged debts or has historically failed to implement reasonable procedures to ensure consumer debts are properly updated after a Chapter 7 bankruptcy.

RESPONSE: In response to paragraph 83 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to

34

Experian. As to the allegations in paragraph 83 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 83 of the Complaint.

Paragraph 84: Nevertheless, Defendants blindly relied on the information provided by Verizon Wireless, even though it conflicted with Experian's own records and knowledge of Plaintiff's bankruptcy and discharge.

RESPONSE: In  response to paragraph 84 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 84 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 84 of the Complaint.

Paragraph 85: Defendants' reliance on Verizon Wireless was therefore unreasonable.

RESPONSE: In  response to paragraph 85 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 85 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 85 of the Complaint.

Paragraph 86: Defendants' reporting of the Verizon Wireless Account is patently false/incorrect and therefore inaccurate.

RESPONSE: In  response to paragraph 86 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 86 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 86 of the Complaint.

Paragraph 87: If not patently false/incorrect, Defendants' reporting of the Verizon Wireless Account is materially misleading and therefore inaccurate.

RESPONSE: In  response to paragraph 87 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 87 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 87 of the Complaint.

### Plaintiff's Damages as a Result of Defendants' Reports

Paragraph 88: Plaintiff's DTI was negatively affected by Defendants' reporting of debt which Plaintiff does not owe, in turn negatively impacting Plaintiff's credit worthiness.

RESPONSE: In  response to paragraph 88 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to

Experian. As to the allegations in paragraph 88 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 88 of the Complaint.

Paragraph 89: After Plaintiff's bankruptcy discharge, in or around December 18, 2025, Plaintiff applied for credit with Credit One and Mission Lane but was approved at higher rates, a lower credit limit and/or worse overall terms - due to the aforementioned inaccurate reporting by Experian.

RESPONSE: In response to paragraph 89 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

Paragraph 90: Additionally, in or around December 30, 2025, Plaintiff applied for credit with Exeter Finance but was denied - due to the aforementioned inaccurate reporting by Experian.

RESPONSE: In response to paragraph 90 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

Paragraph 91: Additionally, in or around January 02, 2026, Plaintiff applied for credit with Upstart/DRBank but was approved at higher rates, a lower credit limit and/or worse overall terms - due to the aforementioned inaccurate reporting by Equifax.

RESPONSE: In response to paragraph 91 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 92: Additionally, in or around January 05, 2026, Plaintiff applied for credit with JPMorgan Chase but was denied - due to the aforementioned inaccurate reporting by Experian.

RESPONSE: In  response to paragraph 92 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

Paragraph 93: Additionally, in or around January 07, 2026, Plaintiff applied for credit with Upstart/Pathward but was approved at higher rates, a lower credit limit and/or worse overall terms - due to the aforementioned inaccurate reporting by Equifax.

RESPONSE: In  response to paragraph 93 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 94: Defendants' inaccurate reporting of the aforementioned account, along with additional information belonging to Plaintiff, was published to potential creditors by Defendants during the process of Plaintiff's credit applications.

RESPONSE: In  response to paragraph 94 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 94 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 94 of the Complaint.

Paragraph 95: As a direct result of Defendants' inaccurate reporting, Plaintiff suffers damages, including a decreased credit score, lower overall creditworthiness, and other financial harm.

RESPONSE: In  response to paragraph 95 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 95 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 95 of the Complaint.

Paragraph 96: As a direct result of Defendants' inaccurate reporting, Plaintiff also suffers actual damages in the form of attorneys' fees incurred for a necessary review of Plaintiff's credit reports.

RESPONSE: In  response to paragraph 96 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 96 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 96 of the Complaint.

Paragraph 97: Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, loss of sleep, reputational damage, humiliation, stress, anger, frustration, shock, embarrassment, violation of Plaintiff's right to privacy, and anxiety.

39

RESPONSE: In  response to paragraph 97 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## CLAIM FOR RELIEF
## COUNT I
## 15 U.S.C. § 1681e(b)
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

Paragraph 98: Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

RESPONSE: In  response to paragraph 98 of the Complaint, Experian incorporates by reference each and every response set forth in paragraphs 1 through 97 above as though fully set forth herein.

Paragraph 99: The FCRA requires CRAs, like Defendants, to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. 15 U.S.C. § 1681e(b).

RESPONSE: In  response to paragraph 99 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 99 inconsistent therewith.

Paragraph 100: Defendants negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information pertaining to pre-bankruptcy debts after the consumer, Plaintiff, received a Discharge Order.

40

RESPONSE: In  response to paragraph 100 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 100 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 100 of the Complaint.

Paragraph 101: Defendants know or should have known that the effect of a Discharge Order in a no asset Chapter 7 Bankruptcy is to discharge all statutorily dischargeable debts other than those that have been reaffirmed in a reaffirmation agreement or successfully challenged in an adversary proceeding. Defendants know or should have known of their obligations under the FCRA, especially pertaining to reporting discharged debt with a zero-dollar balance.

RESPONSE: In  response to paragraph 101 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 101 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 101 of the Complaint.

Paragraph 102: These obligations are well established by the plain language of the FCRA, as promulgated by the Federal Trade Commission, detailed in case law, and evidenced in prior cases involving Defendants from which Defendants are on notice of their unreasonable procedures concerning the reporting of discharged debts.

41

RESPONSE: In  response to paragraph 102 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

Paragraph 103: Additionally, Defendants possess or can easily obtain substantial written materials that detail CRA's duties and obligations under the FCRA, including those that apply when consumers file for Chapter 7 Bankruptcy.

RESPONSE: In  response to paragraph 103 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Paragraph 104: Despite knowledge of these legal obligations, Defendants willfully and consciously breached their known duties and deprived Plaintiff of his rights under the FCRA.

RESPONSE: In  response to paragraph 104 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 104 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 104 of the Complaint.

Paragraph 105: Defendants know that discharged debts should not be reported as late, past due, or with outstanding balances after the discharge date, and should be reported with a zero-dollar balance.

RESPONSE: In  response to paragraph 105 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 105 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 105 of the Complaint.

Paragraph 106: In this case, Defendants independently sought information about Plaintiff's bankruptcy filing and discharge and voluntarily reported the same in Plaintiff's consumer reports.

RESPONSE: In  response to paragraph 106 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 106 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 106 of the Complaint.

Paragraph 107: When Defendants procured and published Plaintiff's bankruptcy information, they had an obligation to ensure they followed reasonable procedures to report the bankruptcy discharge and its effect(s) with maximal accuracy.

RESPONSE: In  response to paragraph 107 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 107 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth

43

of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 107 of the Complaint.

Paragraph 108: However, Defendants inaccurately reported an account that Defendants knew predated Plaintiff's Chapter 7 Bankruptcy and was included and discharged by Plaintiff's bankruptcy discharge.

RESPONSE: In  response to paragraph 108 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 108 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 108 of the Complaint.

Paragraph 109: Defendants had actual knowledge of Plaintiff's bankruptcy and Discharge Order, as evidenced by the information they published in Plaintiff's consumer reports, including Plaintiff's bankruptcy case number, court, date of filing and date of discharge.

RESPONSE: In  response to paragraph 109 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 109 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 109 of the Complaint.

Paragraph 110: Defendants are also on notice from other tradelines reported by Defendants that indicate Plaintiff's account was included in and discharged in bankruptcy.

RESPONSE: In  response to paragraph 110 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 110 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 110 of the Complaint.

Paragraph 111: Defendants received notice of Plaintiff's bankruptcy discharge through public records, their own files, and information provided by data furnishers.

RESPONSE: In  response to paragraph 111 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 111 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 111 of the Complaint.

Paragraph 112: Defendants' violations of 15 U.S.C. § 1681e(b) were willful.

RESPONSE: In  response to paragraph 112 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 112 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth

of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 112 of the Complaint.

Paragraph 113: Alternatively, Defendants' violations of 15 U.S.C. § 1681e(b) were negligent.

RESPONSE: In response to paragraph 113 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 113 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 113 of the Complaint.

Paragraph 114: Defendants' inaccurate reporting damaged Plaintiff's creditworthiness.

RESPONSE: In response to paragraph 114 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 114 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 114 of the Complaint.

Paragraph 115: Plaintiff suffers actual damages, including the above-referenced economic damages, a decreased credit score, loss of credit opportunities, credit denial, and other financial harm caused by Defendants inaccurately reporting a balance for a debt that

was discharged in bankruptcy, and otherwise failing to report that the debt was discharged in bankruptcy.

RESPONSE: In  response to paragraph 115 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 115 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 115 of the Complaint.

Paragraph 116: Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

RESPONSE: In  response to paragraph 116 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 116 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 116 of the Complaint.

Paragraph 117: Defendants are direct and proximate causes of Plaintiff's damages.

RESPONSE: In  response to paragraph 117 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 117 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth

47

of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 117 of the Complaint.

Paragraph 118: Defendants are substantial factors in Plaintiff's damages.

RESPONSE: In response to paragraph 118 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 118 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 118 of the Complaint.

Paragraph 119: Therefore, Defendants are individually liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681, et seq.

RESPONSE: In response to paragraph 119 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 119 of the Complaint that relate to Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 119 of the Complaint.

### **PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief, Experian denies that it violated the Fair Credit Reporting Act and denies that Plaintiff is entitled to any damages against Experian.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

## (STATUTES OF LIMITATIONS AND REPOSE)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation and repose, including but not limited to 15 U.S.C. § 1681p.

## SECOND AFFIRMATIVE DEFENSE

## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate Plaintiff's damages.

## FOURTH AFFIRMATIVE DEFENSE

## (LACHES)

The Complaint and each claim for relief therein are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

## (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## NINTH AFFIRMATIVE DEFENSE

## (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## TENTH AFFIRMATIVE DEFENSE

## (INDEPENDENT INTERVENING CAUSE)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

51

52

June 12, 2026

Respectuflly submitted,

KASOWITZ LLP

*/s/ Steven Owens*

Steven Owens
Texas State Bar No. 24094914
SDTX Bar No. 3504157
1415 Louisiana Street
Suite 2100
Houston,Texas 77002
(713) 220-8822
sowens@kasowitz.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

52

## CERTIFICATE OF SERVICE

**I hereby certify** that on June 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or mail.

/s/ *Steven Owens*

Steven Owens
Kasowitz LLP

*Attorney for Defendant*
*Experian Information Solutions, Inc.*